```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**SECURE US, INC.,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:08CV190
                             (Judge Keeley)

**IDEARC MEDIA CORP. and
PAUL SAMOSKY,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the plaintiff, Secure US, Inc.'s ("Secure"), motion to remand this action to the Circuit Court of Monongalia County, West Virginia. For the reasons that follow, the Court **GRANTS** the motion to remand (dkt. no. 10) and **REMANDS** the case to the Circuit Court of Monongalia County, West Virginia.

### I. FACTS AND PROCEDURAL HISTORY

Secure filed this action on September 15, 2008, in the Circuit Court of Monongalia County, West Virginia, alleging that the defendants, Idearc Media Corporation ("Idearc") and Paul Samosky ("Samosky"), failed to print several advertisements purchased by Secure. Secure is a West Virginia-based corporation that sells alarm systems to households and businesses. Idearc, a Delaware corporation with its principal place of business in Texas, publishes telephone directories in several states. Samosky, also a West Virginia citizen, is an employee of Idearc.

## ORDER GRANTING MOTION TO REMAND

In its Complaint, Secure alleges that, on March 3, 2008, it submitted an application to Idearc to purchase advertising in the Verizon Yellow Pages. It sought to place ads in four specific publications, all of which were scheduled to be published in April 2008. Secure asserts that it complied with all the deadlines for submission and review of advertisements, and that it paid in advance for the ads. It further alleges that Samosky facilitated the transaction, and that, because of a prior incident, he knew that Secure was depending on Idearc to ensure that the ads were placed, and that Secure would suffer economic harm if the ads were not published. Secure alleges that, despite representing that the ads would be published on time, Samosky later informed Secure that Idearc had failed to placed the ads in the Verizon Yellow Pages.

Secure asserts four causes of action against both Idearc and Samosky. First, in a claim for "tortious breach," Secure alleges that Idearc and Samosky knew that it was relying on them to publish its ads and represented that the ads would be published, but then tortiously breached their obligation to run the ads. Secure asserts that the breach was gross, willful, wanton and reckless and caused harm, including loss of profits.

Second, Secure asserts that Idearc and Samosky owed it a duty to conduct their business operations in a way that would not harm

Secure, and that they negligently breached that duty, causing harm such as loss of profits.  Third, Secure claims that Idearc, through Samosky, fraudulently and negligently represented that Secure's ads would be published, knowing that statement was false, and that Secure relied on that statement to its detriment.  Finally, Secure asserts a claim for promissory estoppel, alleging that Idearc and Samosky promised the advertisements would be published, that it relied on that promise to its detriment, and that it has suffered harm as a result.  For each of these claims, Secure seeks actual and compensatory damages, lost profits, punitive damages, pre- and post-judgment interest, and attorney fees.

On October 15, 2008, after the filing of Secure's Complaint, Idearc and Samosky removed the action to this Court, alleging that Secure had fraudulently joined Samosky as a defendant, and that, without Samosky, the Court has subject matter jurisdiction because complete diversity exists between the parties pursuant to 28 U.S.C. § 1332. Secure and Idearc are undisputedly citizens of different states, and Idearc and Samosky allege that, because Secure is seeking punitive damages in addition to compensatory damages, the amount in controversy exceeds the jurisdictional requirement of $75,000.

In response, Secure filed a motion to remand on November 13, 2008, arguing that Samosky was not fraudulently joined, complete diversity does not exist between the parties, and that this Court is without subject matter jurisdiction over this action. Alternatively, Secure contends that the defendants have failed to establish that the amount in controversy exceeds $75,000.

## II. STANDARD OF REVIEW

Following removal of a civil action to federal court, the receiving court must determine the jurisdictional basis for removal and remand if the Court does not possess subject matter jurisdiction. See 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), federal courts have subject matter jurisdiction when complete diversity exists between the parties, and the amount in controversy exceeds $75,000. The Fourth Circuit has recognized that the "complete diversity" rule "makes it difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit prior to removal." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

Under the fraudulent joinder doctrine, however, "a district court can assume jurisdiction over a case even if, inter alia, there are nondiverse named defendants at the time the case is removed." Id. (citing Marshall v. Manville Sales Corp., 6 F.3d

4

229, 232-33 (4th Cir. 1993)). To establish fraudulent joinder, the removing party must demonstrate either "'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transportation, Inc., 187 F.3d 422, 424 (4th Cir. 1999) (citing Marshall, 6 F.3d at 232)).

The party alleging fraudulent joinder "bears a heavy burden - it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. In other words, "all legal uncertainties are to be resolved in the plaintiff's favor." Id. at 425. The question for the court's consideration is not whether the claims will ultimately succeed, but rather only whether there is even a "slight possibility of a right to relief." Id. at 426. Finally, a district court should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Id. at 425 (citing Marshall, 6 F.3d at 232).

### III.  LEGAL ANALYSIS

In this case, Idearc and Samosky allege that Secure fraudulently joined Samosky, not through outright fraud, but rather because Secure is unable to establish a valid cause of action

against Samosky under West Virginia law. Secure asserts that it properly alleged four causes of action against Samosky, and, thus, the case must be remanded for lack of diversity.

According to Secure, it properly pled its tort law claims against Samosky as well as Idearc because, under West Virginia law, a party can sue both a company and its agent for tortious acts committed by the agent in the scope of his employment. In Syllabus Point 8 of <u>State ex rel. Bumgarner v. Sims</u>, 79 S.E.2d 277 (W. Va. 1953), the West Virginia Supreme Court of Appeals held:

> The relation between the master and servant, the latter acting within the scope of his employment, is joint and several in the sense that <u>both master and servant are liable for injuries caused by the negligent wrongdoing of the servant, acting within the scope of his employment,</u> and liability for said injuries maybe asserted in an action at law against master and servant jointly or against each of them in a separate action at law.

(Emphasis added.)

Idearc and Samosky do not dispute that they could each be sued for any tort performed by Samosky acting within the scope of his employment for Idearc. They argue, however, that this case actually involves a contract dispute, and that, under West Virginia law, breach of contract cannot form the basis for a tort claim. Thus, they contend, Secure cannot prevail on any tort claims against Samosky. They further point out that, because only Idearc

would have been a party to the contract, Secure can have no cause of action against Samosky. Thus, they conclude that the Court should dismiss him under the fraudulent joinder doctrine.

In Syllabus Point 9 of <u>Lockhart v. Airco Heating & Cooling</u>, 567 S.E.2d 619 (W. Va. 2002), the West Virginia Supreme Court of Appeals held:

> Tort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation. <u>An action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract.</u>

(Emphasis added.) "Thus, '[a] tort, although growing out of a contract, must nevertheless possess all of the essential elements of tort.'" <u>Id.</u> at 624 (<u>citing</u> 86 C.J.S. Torts § 4 (1997)). Accordingly, Secure may allege a tort claim against Samosky and Idearc, despite the alleged existence of a contract, if the claim could arise independently. Secure has alleged four tort claims against Samosky. If Secure has even a "slight possibility of a right to relief," on any one of those claims, <u>Hartley</u>, 187 F.3d at 426, his joinder is not fraudulent and this case must be remanded.

Among the torts alleged by Secure is a claim for fraudulent misrepresentation. Under West Virginia law, an action for fraud may be asserted if the plaintiff can show:

> (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied on it.'

Syl. Pt. 1, Lengyel v. Lint, 280 S.E.2d 66 (1981) (citing Horton v. Tyree, 139 S.E. 737 (1927)). This tort may extend to encompass "fraudulent misrepresentations" in a variety of ways.

> [I]t is elementary doctrine that a false representation may be made scienter, so as to afford a right of action in damage, in contemplation of law, in any of the following ways (1) with actual knowledge of its falsity; (2) without knowledge either of its truth or falsity; or (3) under circumstances in which the person making it ought to have known if he did not know of its falsity.

Folio v. City of Clarksburg, 655 S.E.2d 143, 151 (W. Va. 2007) (citing State v. Berkeley, 23 S.E. 608 (W. Va. 1895).

Thus, when a claim of fraudulent misrepresentation arises from a statement made to induce someone to enter into a contract, the West Virginia Supreme Court of Appeals has held that the statement need not have been made with actual knowledge of falsity, so long as the speaker had a duty to know whether the statement was true:

> Where one person induces another to enter into a contract by false representations which he is in a situation to know, and which it is his duty to know, are untrue, he,

8

>       in contemplation of law, does know the statements to be
>       untrue, and consequently they are held to be fraudulent,
>       and the person injured has a remedy for the loss
>       sustained by an action for damages. It is not
>       indispensable to a recovery that the defendant actually
>       knew them to be false.

Syl. Pt. 6, Folio, 655 S.E.2d 143 (citing Syl. Pt. 1, Horton v. Tyree, 139 S.E. 737 (1927)).

The Supreme Court, however, has also long held that

>       [f]raud cannot be predicated on a promise not performed.
>       To make it available there must be a false assertion in
>       regard to some existing matter by which a party is
>       induced to part with his money or his property.

Legg v. Johnson, Simmerman & Broughton, 576 S.E.2d 532, 539 (W. Va. 2002)(citing Syl. Pt. 1, Love v. Teeter, 24 W. Va. 741 (1884). Additionally, "more than a false statement is required to establish fraud. It is necessary that a plaintiff relies upon the statement and that he is damaged because of his reliance." Legg v. Johnson, Simmerman & Broughton, 576 S.E.2d 532, 539 (W. Va. 2002)(citing Lengyel v. Lint, 280 S.E.2d 66 (1981)).

In the instant case, it is not this Court's place to determine whether Secure could ultimately prevail on its claim of fraudulent misrepresentation against Samosky. Indeed, the Fourth Circuit has cautioned district courts against delving too deeply into the merits of a case when deciding a jurisdictional question. Hartley, 187 F.3d at 425. The Court must merely determine whether Secure

has a right of action for such claim against Samosky. In this case, it does.

While the contract between Secure and Idearc certainly underlies this cause of action, Secure can assert a claim for the tort of fraudulent misrepresentation because it is of the type that "arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation." Lockhart, 567 S.E.2d at 624. Because Secure alleges that Idearc, through its agent, Samosky, falsely represented to Secure that ads would be placed in the April edition of the Verizon Yellow Pages, and because Secure alleges that it relied on those representations to its detriment and suffered harm as a result, there is at least a possibility of a right to relief under West Virginia law for Secure's claim of fraudulent misrepresentation against Samosky. See Hartley, 187 F.3d at 426.

Samosky, therefore, was properly joined as a defendant in this action, and complete diversity therefore does not exist between the parties. Accordingly, the case must be remanded and the Court need not reach the issue of whether the amount in controversy exceeded the jurisdictional requirement.

### IV. CONCLUSION

Because Secure has shown at least a possibility of a right to relief against Samosky under the doctrine of fraudulent misrepresentation, the Court finds that Samosky is a properly joined defendant and therefore that it lacks jurisdiction in this case. Accordingly, the Court **GRANTS** Secure's motion to Remand (dkt. no. 10), and **REMANDS** this case to the Circuit Court of Monongalia County, West Virginia.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: December 24, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE